**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4529**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

KATHLEEN NIEW,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.   Mary G. Lewis, District Judge. (8:14-cr-00037-MGL-1)

Submitted:  February 23, 2016      Decided:  February 26, 2016

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy Ward Murphy, KOLB, MURPHY & GIVENS, Sumter, South Carolina, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kathleen Niew appeals the district court's judgment sentencing her to 87 months of imprisonment pursuant to her convictions for wire fraud, in violation of 18 U.S.C. § 1343 (2012). Niew's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but questions whether the district court plainly erred in accepting Niew's guilty plea or abused its discretion in imposing the sentence. Although advised of her right to do so, Niew filed no pro se brief. The Government has declined to file a brief.

Because Niew neither raised an objection during the Fed. R. Crim. P. 11 proceeding, nor moved to withdraw her guilty plea in the district court, we review her Rule 11 proceeding for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). Niew can establish plain error by demonstrating (1) an error; (2) that is plain; (3) that affects her substantial rights; and (4) that "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732, 735-36 (1993) (brackets and internal quotation marks omitted); see also Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013). To satisfy the third requirement, Niew must show "a reasonable probability that, but

for the error, [s]he would not have entered the plea." Sanya, 774 F.3d at 817 (internal quotation marks omitted).

After reviewing the record, we conclude that the district court fully complied with Rule 11 in accepting Niew's guilty plea after a thorough hearing. Thus, Niew's plea was knowing and voluntary, and therefore final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We next review Niew's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first review for significant procedural error, and if the sentence is free of such error, we then consider substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Guidelines range or choosing a sentence "based on clearly erroneous facts." Id. We determine substantive reasonableness by considering the totality of the circumstances; if the sentence imposed falls within or below the properly calculated Guidelines range, we apply a presumption of reasonableness that the defendant must rebut. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Further, we review for clear error the sentencing court's finding of amount of loss, United States v. Wynn, 684 F.3d 473, 481 (4th Cir. 2012), and will reverse only if "left with the definite and firm conviction that a mistake has been committed," United States v. Crawford, 734 F.3d 339, 342 (4th Cir. 2013)

(internal quotation marks omitted). Upon review, we find that the district court's loss calculation is not clearly erroneous, and the record contains no sign of outrageous government conduct that might offend due process. See United States v. Jones, 18 F.3d 1145, 1152-55 (4th Cir. 1994). Therefore, Niew has not rebutted the presumption of reasonableness accorded this within-Guidelines sentence.

We affirm the district court's judgment. This court requires that counsel inform Niew, in writing, of her right to petition the Supreme Court of the United States for further review. If Niew requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Niew. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED